MINUTES

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| HON. CHARLES S. COODY, MAG JUDGE | AT | **Montgomery, Alabama** |
| DATE COMMENCED:    8/22/06 | AT | **9:00 a.m. to 9:43 a.m.** |
| DATE COMPLETED:    8/22/06 | TO | **Digital Recorded** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO.: 2:06CR206-MHT-CSC |
| | * | |
| ALETHIA ADRIENNE SCOTT | * | |
| | * | |

| GOVERNMENT | APPEARANCES: | DEFENDANT |
|---|---|---|
| Atty. Christopher Snyder | *     Atty. Kevin Butler | |

## COURT OFFICIALS PRESENT:

**Court Room Deputy:** Wanda Stinson          **LAW CLERK:** Corrie Long

( ) NON-JURY TRIAL
(X) OTHER PROCEEDINGS:  **DETENTION HEARING**

# SEE MINUTES ATTACHED

## LOG OF PROCEEDINGS ELECTRONICALLY RECORDED

| Description | Detention Hrg - 06cr206-MHT-CSC | | |
|---|---|---|---|
| **Date** | 8 /22/2006 | **Location** | Courtroom 4B |

| Time | Speaker | Note |
|---|---|---|
| 9 :00:13 AM | Court | Court convenes; parties |
| 9 :00:20 AM | Atty. Butler | Addresses the court; |
| 9 :00:46 AM | Atty. Snyder | Calls David Conoly, USPO; witness is sworn and seated; Discussion of current supervision of deft and her offense of conviction in the Southern District of Alabama - Mobile; Discussion and review of Govt. Exh. #1 - Request to modify conditions filed by USPO in Southern District of AL; Move to admit Govt. Exh. #1; |
| 9 :03:52 AM | Court | No objection by Deft;  It's admitted; |
| 9 :04:03 AM | Atty. Snyder | Cont'd testimony of witness; Discussion of defts arrrests re: altercation with boyfriend, Kevin Brown;  Discussions of other criminal proceedings of deft out of Butler Co.;  Discussion and review of Govt. Exh #3- Verification of winnings at Tallapoosa Entertainment Center;  Move to admit Govt.  Exh.  #3; |
| 9 :13:30 AM | Court | No objection by Deftl;  It's admitted; |
| 9 :13:34 AM | Atty. Snyder | Cont'd testimony; Discussion and review of Govt. Exh. #2 - Violation Petition filed by USPO Dudeck in Mobile; Move  to admit Govt. Exh, #2 |
| 9 :14:15 AM | Court | It's admitted; |
| 9 :14:22 AM | Atty. Snyder | Cont'd testimony; |
| 9 :15:14 AM | Atty. Butler | Cross - examination; Discussions as to arrest warrant pending out of Mobile on violation petition;  Discussions as to whether Deft has received any counseling; Discussions of defts diagnosis of schizophrenia paranoid and medications; Discussions as to defts contact with probation; |
| 9 :29:45 AM | Atty. Snyder | Re-direct; |
| 9 :30:43 AM | Court | Witness is excused; |
| 9 :30:50 AM | Atty. Snyder | Government rest; |
| 9 :32:49 AM | Atty. Butler | Addresses the court  based on testimony presented would like to submit this matter with leave to reopen; Knowledges 2 friends of the deft present in courtroom; Ms Kissie Watts, who is not present today; who could established that there are conditions who would secure deft's appearance and  ensure the safety of the community; Counsel is not prepared at this time, due Ms. Watts is not present; Deft would like to addresses the court; |
| 9 :34:00 AM | Court | Deft is entitled to address the court, if she wish to do so; Will allow her to do so without taking the stand and not being placed under oath; |
| 9 :34:18 AM | Deft Scott | Addresses the court; |
| 9 :38:09 AM | Atty. Butler | Still would like to submit leave to reopen; |
| 9 :38:37 AM | Court | Response; Question regarding pending petition in the Southern District to revoke supervision; |
| 9 :39:04 AM | Atty. Butler | Response as to where the burden; |

| 9 :39:59 AM | Court | Counsel advised that under the rule counsel could petitiion the court to revisit detention;  In this mattern the court concludes that there are no conditions that would secure her appeearance and the court orders that deft be detained pending further proceedings in this court; |
| 9 :40:28 AM | Court | Court proceeds with arraignment of deft;  Deft placed under oath;  Deft understands the charges in the indictment; do not want the indictment read; Deft enteres NOT GUILTY plea to the charges;  This case is assigned to Judge Thompson, his next term is Oct. 30th which within the speedy trial time;  Discovery |
| 9 :42:29 AM | Atty. Snyder | Provided prior to detention hrg. |
| 9 :42:43 AM | Court | Pretrial will be set in September; |
| 9 :42:55 AM | Atty. Butler | Makes sure that the USMS is aware of the defts medication; |
| 9 :43:07 AM | Court | Court is recessed. |

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

UNITED STATES OF AMERICA          *
                                  *
V.                                *          CASE NO.: 2:06CR206-MHT-CSC
                                  *
ALETHIA ADRIENNE SCOTT            *
                                  *

## WITNESS LIST:

**GOVERNMENT**                              **DEFENDANT**

1.    Mr. Davie Conoly, USPO                    N/A

# UNITED STATES DISTRICT COURT

MIDDLE     DISTRICT OF     ALABAMA

UNITED STATES OF AMERICA
V.
ALETHIA ADRIANNE SCOTT

## GOVERNMENT'S EXHIBIT LIST

Case Number: 2:06CR206-MHT-CSC

| PRESIDING JUDGE CHARLES S. COODY | | | | GOVERNMENT'S CHRISTOPHER SNYDER | DEFENDANT'S ATTORNEY KEVIN BUTLER | |
|---|---|---|---|---|---|---|
| TRIAL DATE (S) DETENTION HEARING, AUGUST 22, 2006 | | | | COURT REPORTER | COURTROOM DEPUTY WANDA STINSON | |

| ADMITTED | DATE OFFERED | DATE IDENTIFIED | EXHIBIT NO. | WITNESS | OBJ | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|---|
| YES | 8/22/06 | 8/22/06 | 1 | DAVID CONOLY | NO | REQUEST TO MODIFY CONDITIONS OF SUPERVISION |
| YES | 8/22/06 | 8/22/06 | 2 | DAVID CONOLY | NO | PETITION TO REVOKE SUPERVISION, FILED IN SOUTHERN DISTRICT OF ALABAMA |
| YES | 8/22/06 | 8/22/06 | 3 | DAVID CONOLY | NO | VERIFICATION OF WINNINGS AT TALLAPOOSA ENTERTAINMENT CENTER |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  | **EXHIBITS ARE PLACED IN A SEPARATE ENVELO** |
|  |  |  |  |  |  | **WITH COURT FILE** |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

PROB 49

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF ALABAMA

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

"**THE DEFENDANT'S TERM OF SUPERVISED RELEASE SHALL BE EXTENDED FROM THREE YEARS TO FIVE YEARS, AS TO COUNT THREE.**"

Witness: _____     Signed: _____
U.S. Probation Officer                              Probationer or Supervised Releasee

_____
11/22/04
DATE

GOVERNMENT
EXHIBIT

CASE
NO.

EXHIBIT
NO.     1

PROB 12B
(Rev. 6/99 SD/AL)

# United States District Court

for

## SOUTHERN DISTRICT OF ALABAMA

FILED DEC 1 '04 AM 10:37 USDCALS

### Request for Modifying the Conditions or Term of Supervision
#### (Probation Form 49, Waiver of Hearing is Attached)

U. S. A.  vs. **Alethia Adrienne Scott**                                    Docket No.: **01-00022-001**

Name of Sentencing Judicial Officer:          The Honorable Charles R. Butler, Jr.

Date of Original Sentence:     November 7, 2001

Original Offense:              Count One: Fraud in Connection with Identification Documents, in violation of 18 U.S.C. §1028(a)(7), a Class C felony; Count Three: Wire Fraud, in violation of 18 U.S.C. §1343, a Class B felony.

Original Sentence:             Custody of the Bureau of Prisons for a term of six months as to counts one and three, to run concurrently. The Court recommended the defendant serve this sentence in the custody of the Community Corrections Center in Spanish Fort, Alabama. Upon release from imprisonment, the defendant was placed on three years supervised release. This term consisted of three years as to counts one and three to run concurrently. As special conditions of supervised release, while awaiting the self-surrender date, the defendant was to begin serving her term of supervised release, and the term was to be tolled for the duration of the custody sentence and to recommence upon the defendant's release from custody. During the period of supervised release, the defendant was ordered to participate in a program of mental health treatment, as directed by the Probation Office. The defendant was ordered to participate in the Home Confinement Program for a period not to exceed six months, with electronic monitoring, the costs of which were to be paid by the defendant. During this time, the defendant was to remain at her place of residence at all times, and was not to leave except when such leave was approved in advance by the Probation Office. The defendant was to maintain a telephone at her place of residence without "call waiting," "call forwarding," "caller ID," a modem, or portable cordless telephones for the above period. At the direction of the Probation Office, the defendant was to wear an electronic monitoring device, and follow the electronic monitoring procedures specified by the Probation Office. The defendant was ordered to make restitution as further set out in the judgment, in the total amount of $57,418.38, and was to notify the Court of any material change in her ability to pay the restitution as ordered. The Probation Office was to pursue the collection of any unpaid amount of restitution, and was to request the Court to amend the payment schedule if appropriate. The defendant was ordered to provide the Probation Office access to any requested financial information, and was prohibited from incurring any new credit charges, opening additional lines of credit, or making major purchases without prior approval from the Probation Office, until such time as financial obligations imposed herein were satisfied in full. A special monetary assessment of $200 was also imposed.

RE: ALETHIA ADRIENNE SCOTT
Page Two

**Sentence Amended:** June 26, 2002: sentence amended to remove the special condition regarding participation in the Home Confinement Program, with electronic monitoring, for a period not to exceed six months, as well as all of the standard conditions regarding home confinement.

Type of Supervision: Supervised Release

Date Supervision Commenced: November 7, 2001
Date Supervision Expires: March 14, 2005

---

## PETITIONING THE COURT

■    To modify the conditions of supervision as follows:

**SPECIAL CONDITION:**                    **"THE DEFENDANT'S TERM OF SUPERVISED RELEASE SHALL BE EXTENDED FROM THREE YEARS TO FIVE**

**YEARS ON COUNT THREE."**

# CAUSE

On November 7, 2001, Scott was received on supervised release subsequent to her sentencing in the instant offense, while she awaited designation for service of her custody sentence. On February 13, 2002, Scott commenced her term of incarceration in the Bureau of Prisons. Effective June 21, 2002, she recommenced her term of supervised release.

Scott had difficulty securing employment due to a poor job market and previous failed employments at various businesses in Baldwin County, Alabama. Initially, during periods of unemployment, she relied on any assistance available from her mother to help support herself and her six children. During May 2003, she eventually secured employment at WalMart in Bay Minette. However, during August 2003, prior to the end of her employment probationary period, she was released from employment. Shortly thereafter, according to the Baldwin County, Alabama, District Attorney's Office, she negotiated the following worthless checks:

| Date | Check No. | Amount | Victim |
|------|-----------|--------|--------|
| 08/31/03 | 135 | $112.77 | WalMart - Bay Minette |
| 09/07/03 | 143 | $ 15.00 | Money Back |
| 09/08/03 | 144 | $ 60.07 | Piggly Wiggly |
| 09/09/03 | 147 | $ 34.79 | Piggly Wiggly |
| 09/09/03 | 148 | $ 42.52 | Piggly Wiggly |
| 09/12/03 | 150 | $ 48.78 | WalMart - Daphne |
| 09/12/03 | 151 | $224.22 | WalMart - Daphne |
| 09/23/03 | 174 | $ 41.24 | Bruno's Supermarkets, Inc. |
| 09/24/03 | 179 | $ 13.52 | North Baldwin Family Pharmacy |
| 09/28/03 | 183 | $ 86.53 | Bruno's Supermarkets, Inc. |
| 09/28/03 | 187 | $ 36.84 | Bruno's Supermarkets, Inc. |
| 09/28/03 | 188 | $ 31.55 | Bruno's Supermarkets, Inc. |
| 09/28/03 | 189 | $ 32.74 | Bruno's Supermarkets, Inc. |
| 09/29/03 | 193 | $ 59.92 | Bruno's Supermarkets, Inc. |

RE: ALETHIA ADRIENNE SCOTT
Page Three

In December 2003, Scott eventually secured employment at Overseas Hardwoods, a stable company only minutes from her residence, where she earns $7.00 per hour and remains a valued employee.

During May 2004, the probation officer was apprised by the Baldwin County District Attorney's Office that Scott had negotiated 14 worthless checks totaling $840.49. The District Attorney's Office advised Scott would likely be arrested and charged with negotiating the worthless checks but until that time, restitution remained a priority. Scott told the probation officer she could maintain her employment and pay restitution on the worthless checks. The probation officer advised Scott until she was arrested and formally charged, she could attempt to make restitution in lieu of criminal prosecution in Baldwin County District Court. However, the status of her supervised release would be reviewed based upon her compliance.

On October 4, 2004, Scott was arrested and charged with 14 counts of Negotiating Worthless Instruments and one count of forgery (alias), which occurred prior to the instant Federal offense. On October 6, 2004, Scott posted $100 cash bonds on each check. She is scheduled to appear in Baldwin County Circuit Court on December 16, 2004, to answer the charges. According to the Baldwin County District Attorney's Office, Scott will likely be convicted on the charges and will be required to pay restitution on a schedule.

Throughout her periods of employment, Scott had been directed on numerous occasions to remit restitution payments in accordance with the directives of the Court. To date, she has remitted payments in the amount of $205, of which the initial $200 has been applied toward her $200 Special Monetary Assessment.

The probation officer initially recognized Scott's depressed financial condition and the lack of feasible employment opportunities with consideration to her residential location, lack of transportation, previous failed employments, and the depressed job market. Throughout periods of unemployment, she was oftentimes commended for meeting her responsibilities to her children while refraining from new criminal activity. However, Scott ultimately committed these offenses during a period of unemployment.

Although Scott committed the new offenses to sustain her family during a period of unemployment, the probation officer recognizes the seriousness of the charges. Consequently, Scott should be held accountable for making full restitution to the victims. The probation officer recommends Scott continue in her most fortunate employment and make full restitution to the victims. Likewise, as a result of her continued gainful employment, on November 22, 2004, she has agreed to a garnishment of her wages in the amount of $100 per month.

Scott's supervision is scheduled to expire effective March 14, 2005. In order to monitor her compliance in both making restitution and refraining from any further criminal activity, the probation officer recommends Scott's supervised release be extended an additional two years on count three, for a total of five years. On November 22, 2004, Scott executed Probation Form 49 (Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision) wherein she agreed to the extension of the term of her supervised release. Accordingly, her revised supervised release expiration date would be March 14, 2007. In the event she fails to fulfill the restitution obligation or commits new criminal activity, the probation officer will petition the Court for revocation of Scott's supervised release.

Respectfully submitted,

Kevin J. Dudeck
U.S. Probation Officer
Date: November 29, 2004

RE: ALETHIA ADRIENNE SCOTT
Page Four

Approved: _____

Date: November ___29___, 2004

## THE COURT ORDERS:

☐    No Action

☐    The Extension of Supervision as Noted Above.

☑    The Modification of Conditions as Noted Above.

☐    Other

_____
CHARLES R. BUTLER, JR.
UNITED STATES DISTRICT JUDGE
Date: November ___30___, 2004

Scott180

KTD

Prob 19
(1/82)

# United States District Court

### for the

#### SOUTHERN DISTRICT OF ALABAMA

U.S.A. vs ALETHIA ADRIENNE SCOTT                    Docket No. 01-00022-001

TO: [1]Any United States Marshal or any other authorized officer.

| WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE |||||
|---|---|---|---|---|
| You are hereby commanded to arrest the within-named defendant and bring her, forthwith before the United States District Court, to answer charges that she violated the conditions of her supervised release imposed by the court. |||||
| NAME OF SUBJECT<br>ALETHIA ADRIENNE SCOTT ||| SEX<br>Female | RACE<br>Black, Non-hispanic | AGE<br>39 |
| ADDRESS(STREET, CITY, STATE)<br>415 Oglesby Street, Greenville, AL  36037-2915 |||||
| SENTENCE IMPOSED BY (NAME OF COURT)<br>SOUTHERN DISTRICT OF ALABAMA ||| DATE IMPOSED<br>November 7, 2001 ||
| CLERK<br>CHARLES R. DIARD | (BY) DEPUTY CLERK<br>*Claire Roberts* || DATE<br>*July 12 2006* ||

| RETURN ||||
|---|---|---|---|
| Warrant received and executed | DATE RECEIVED | | DATE EXECUTED |
| EXECUTING AGENCY (NAME AND ADDRESS) ||||
| | (BY) | | DATE |

**GOVERNMENT EXHIBIT**

CASE NO.

EXHIBIT NO.  2

[1]Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the <district name>;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

PROB 12C
(Rev. 1/05 SD/AL)

# United States District Court

for

## SOUTHERN DISTRICT OF ALABAMA

### Petition for Warrant or Summons for Offender Under Supervision

U. S. A. vs. **Alethia Adrienne Scott**

Criminal Action: **01-00022-001**

Sentencing Judge:     The Honorable Charles R. Butler, Jr.

Date of Original Sentence:     November 7, 2001

Original Offense:     **Count one:** Fraud in Connection with Identification Documents, in violation of 18 U.S.C. § 1028(a)(7), a Class C felony; **Count three:** Wire Fraud, in violation of 18 U.S.C. §1343, a Class B felony.

Original Sentence:     Custody of the Bureau of Prisons for a term of six months as to counts one and three, to run concurrently. The Court recommended the defendant serve this sentence in the custody of the Community Corrections Center in Spanish Fort, Alabama. Upon release from imprisonment, the defendant was placed on three years supervised release. This term consisted of three years as to counts one and three to run concurrently. As special conditions of supervised release, while awaiting the self-surrender date, the defendant was to begin serving her term of supervised release, and the term was to be tolled for the duration of the custody sentence and to recommence upon the defendant's release from custody. During the period of supervised release, the defendant was ordered to participate in a program of mental health treatment, as directed by the Probation Office. The defendant was ordered to participate in the Home Confinement Program for a period not to exceed six months, with electronic monitoring, the costs of which were not to be paid by the defendant. During this time, the defendant was to remain at her place of residence at all times, and was not to leave except when such leave was approved in advance by the Probation Office. The defendant was to maintain a telephone at her place of residence without "call waiting," "call forwarding," "caller ID," a modem, or portable cordless telephones for the above period. At the direction of the Probation Office, the defendant was to wear an electronic monitoring device, and follow the electronic monitoring procedures specified by the Probation Office. The defendant was ordered to make restitution as further set out in the judgment, in the total amount of $57,418.38, and was to notify the Court of any material change in her ability to pay the restitution as ordered. The Probation Office was to pursue the collection of any unpaid amount of restitution, and was to request the Court to amend the payment schedule if appropriate. The defendant was ordered to provide the Probation Office access to any requested financial information, and was prohibited from incurring any new credit charges, opening additional lines of credit, or making major purchases without prior approval from the Probation Office, until such time as financial obligations imposed herein were satisfied in full. A special monetary assessment of $200 was also imposed.

### Sentence Amended: June 26, 2002: sentence amended to remove the special condition regarding participation in the Home Confinement Program, with electronic monitoring, for a period not to exceed six months, as well as all of the standard conditions regarding home confinement.

Scott165

**RE: ALETHIA ADRIENNE SCOTT**
**Page 2**

| **12B - Petition for Modification:** | **November 30, 2004:** sentence amended to extend Scott's term of supervised release from three years |
|---|---|

to five years on count three.

Type of Supervision: Supervised Release

Date Supervision Commenced: November 7, 2001
Date Supervision Expires: March 14, 2007

Assistant U. S. Attorney: Gregory Bordenkircher

Defense Attorney: K. Lyn Campbell
(Federal Defender)

---

## PETITIONING THE COURT

■  To issue a warrant

☐  To issue a summons

The offender has been unwilling to abide by the conditions of supervised release as ordered by the Court. It is requested that the Court be apprised of the offender's status and that revocation proceedings be considered based on the following violations:

| Violation Number | Nature of Noncompliance |
|---|---|

**MANDATORY CONDITION:** "THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME." In that, on May 15, 2006, Scott, whose supervision was transferred to the Middle District of Alabama effective February 22, 2006, was arrested and charged with domestic violence, first degree, in Butler County, Alabama.

**Details:**      On May 15, 2006, Officer J. Thomason responded to a call at 415 Oglesby Street, Greenville, Alabama, which is the residence of Alethia Scott. Officer Thomason observed a male, subsequently identified as Kevin Brown, Scott's ex-boyfriend, lying on his side in obvious distress, near a shed. Scott was standing next to her vehicle. Officer Thomason spoke to Brown who reported, "arrest her; she tried to kill me. She hit me with her car." EMS arrived soon thereafter and transported Brown to Stabler's Emergency Room.

Officer Thomason interviewed Scott who stated she had been arguing with Brown. She stated, "he called me a stupid bitch. I thought the car was in reverse. I punched the gas and I hit him and the other car." She advised she then called 911. Officer Thomason observed damage to the right front side of Scott's vehicle and to Brown's vehicle. There were skid marks leading from the concrete driveway through the grass and stopping near a shed where Brown had been lying. The skid marks angled off the driveway in a diagonal direction toward the shed. Consequently, Scott was arrested and charged with domestic violence, first degree.

On May 18, 2006, Brown contacted the probation officer. He stated he and Scott had recently been arguing. On May 15, 2006, Brown went to Scott's residence to talk with her wherein she became angry. While they were in the parking area at her residence, Scott entered her vehicle. As Brown stood near his vehicle, Scott ran into him, knocking him down and injuring him. He stated Scott told him, "If you get up, I'll run over you again." Brown initially had no feeling below his waist but has since regained sensation. He stated Scott also struck his vehicle while hitting him. He stated he will testify against Scott.

RE: ALETHIA ADRIENNE SCOTT
Page 3

The same day, the probation officer spoke to Sgt. Justin Lovvorn, with the Greenville, Alabama, Police Department. He stated after interviewing Scott and reviewing the evidence, he believes Scott intentionally struck Brown with her vehicle. The case will be presented to the September 2006 Butler County Grand Jury.

U.S. Probation Officer David Conoly had been supervising Scott since her supervision was transferred to the Middle District of Alabama. On May 23, 2006, he met with Scott who denied purposely hitting Brown with her vehicle. However, she inquired as to the possible length of incarceration she may receive if her supervised release is revoked. She was directed to refrain from any further contact with Brown. Probation Officer Conoly also met with investigators who reiterated that the evidence indicates Scott intentionally struck Brown with her vehicle.

**CONDITION #2:**          **"YOU SHALL NOT LEAVE THE JUDICIAL DISTRICT OR OTHER SPECIFIED GEOGRAPHIC AREA WITHOUT THE PERMISSION OF THE COURT OR PROBATION OFFICER."**  In that, on July 10, 2006, the probation officer received confirmation that between November 1, 2003, and November 15, 2003, Scott had traveled to the Isle of Capri Casino in Biloxi, MS, without approval of the probation officer.

**Details:**     On June 19, 2006, the probation officer was apprised Scott had traveled out of the Southern District to of Alabama to the Southern District of Mississippi where she had gambled at a casino. On July 10, 2006, the probation officer received confirmation that between November 1, 2003, and November 15, 2003, Scott had gambled at the Isle of Capri casino in Biloxi, MS. Scott did not have permission to travel outside of the Southern District of Alabama. Furthermore, she would have not been granted permission to gamble as she had outstanding restitution payable to the Court.

**CONDITION #4:**          **"YOU SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER."**  In that, on May 23, 2006, U.S. Probation Officer David Conoly, in the Middle District of Alabama, directed Scott to refrain from any further contact with Kevin Brown, her ex-cohabitant, who was also the victim of the domestic violence, first degree, assault in Butler County, Alabama, referenced in the aforementioned violation of the Mandatory Condition of supervised release.

**Details:**     On May 23, 2006, U.S. Probation Officer David Conoly advised the probation officer he directed Scott to refrain from any further contact with Kevin Brown, her ex-cohabitant, who was also the victim of the May 15, 2006, domestic violence, first degree, assault in Butler County, Alabama.

On July 7, 2006, U.S. Probation Officer David Conoly advised the probation officer Scott traveled to Brown's residence the previous evening to take the truck she and Brown had purchased together while they cohabitated. The vehicle had been registered in both of their names and the payments were delinquent by four months. Scott attempted to take the vehicle to give to her son. The police were summoned but Scott was not arrested. However, she violated U.S. Probation Officer Conoly's directive to refrain from any further contact with Brown.

**CONDITION #17:**         **"YOU SHALL PAY ANY FINE OR RESTITUTION IMPOSED BY A JUDGMENT THAT REMAINS UNPAID AT THE COMMENCEMENT OF THE TERM OF SUPERVISION IN ACCORDANCE WITH ANY SCHEDULE OF PAYMENTS SET FORTH IN THE CRIMINAL MONETARY PENALTIES SHEET OF THE JUDGMENT. IN ANY CASE, YOU SHALL COOPERATE WITH THE PROBATION OFFICER IN MEETING ANY FINANCIAL OBLIGATIONS."**  In that, Scott has not made a restitution payment since April 2006.

RE: ALETHIA ADRIENNE SCOTT
Page 4

**Details:**    On May 26, 2006, U.S. Probation Officer David Conoly, in the Middle District of Alabama, advised Scott he became aware Scott had been gambling at the Tallapoosa Entertainment Center, in Montgomery, Alabama. In fact, on April 3, 2006, Scott won $1,260.30 while gambling. Her most recent restitution payment to the Clerk's Officer occurred on April 13, 2006, wherein Scott made a $50 payment. Although Scott did not leave the district to gamble, she had not been granted permission to gamble by her supervising probation officer. Furthermore, U.S. Probation Officer Conoley advised Scott remains gainfully employed at the Flying J Truck Stop in Montgomery, Alabama, where she recently received a raise.

U.S. Probation Officer Recommendation:

Based on the aforementioned violations, it is the recommendation of the probation officer that a warrant be issued for the arrest of Alethia Adrienne Scott, and that she be brought before the sentencing Court to show cause as to why her supervised release term should not be revoked.

The term of supervision should be:

■    revoked

☐    extended for _____ years, for a total term of _____ years.

☐    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct,

_Kevin J. Dudeck_ (signature)

Kevin J. Dudeck
U.S. Probation Officer
Southern District of Alabama
Date: July 10, 2006

Approved:    _David W. Dittmann_ (signature)

David W. Dittmann
Supervising U.S. Probation Officer
Date: July 10, 2006

**RE: ALETHIA ADRIENNE SCOTT**
**Page 5**

THE COURT ORDERS:

☐      No Action

☑      The Issuance of a Warrant.

☐      The Issuance of a Summons.

☐      Other _____

DIRECTIONS CONCERNING RELEASE OF OFFENDER UPON ARREST:

☐      Detain Pending Revocation Hearing

☑      At Court's Discretion

                                            CHARLES R. BUTLER, JR.
                                            SENIOR U. S. DISTRICT JUDGE
                                            Date: July __11__, 2006

KJD

## VIOLATION WORKSHEET

1. **Defendant**   Alethia Adrienne Scott
2. **Docket Number (Year-Sequence-Defendant No.)**   CR 01-00022-001
3. **District/Office**   Southern District/Alabama
4. **Original Sentence Date**   November 7, 2001

   <small>Month  Day  Year</small>

<small>(If different than above):</small>

5. **Original District/Office**   _____

6. **Original Docket Number** <small>(Year-Sequence-Defendant No.)</small>   _____

7. **List each violation and determine the applicable grade (<u>see</u> §7B1.1):**

   <u>Violation(s)</u>                                                                    <u>Grade</u>

    New criminal conduct *(Mandatory Condition - MN)*                                    A

   Leaving the District without permission *(#2T - 2)*                                   C

   Failure to follow probation officer's instructions *(#4 - T)*                         C

   Failure to pay restitution *(#17 - T)*                                                C

8. **Most Serious Grade of Violation (<u>see</u> §7B1.1(b))**                            A

9. **Criminal History Category (<u>see</u> §7B1.4(a))**                                  II

10. **Range of Imprisonment (<u>see</u> §7B1.4(a))**                                     15-21   months

11. **Sentencing Options for Grade B and C Violations** <small>(Check the appropriate box)</small>

[  ]   (a) If the minimum term of imprisonment determined under §7b1.1 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[  ]   (b) If the minimum term of imprisonment determined under §7b1.1 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[X]    © If the minimum term of imprisonment determined under §7b1.1 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission**
**1331 Pennsylvania Avenue, N.W., Suite 1400**
**Washington, D.C.  2004**
**Attention:  Monitoring Unit**

Scott170

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) 56,513.38 _____     Community Confinement _____

Fine($) _____     Home Confinement w/Elec Monitoring _____

Other _____     Intermittent Confinement _____

13. **Supervised Release**

If probation is revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

_____ months, as the offense is a _____ (see § 5D1.2(a)(2))

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

15. **Official Detention Adjustment** (see §7b1.3(E)): _____ months _____days

16. **Revocation Custody Sentencing Options**

Attention: AUSA, Federal Defender, Atty. for defendant and USPO

↓     ↓          ↓          ↓     ↓          ↓

⇨ **ORIGINAL GUIDELINE RANGE:** (For probation revocations only)     N/A    months

⇨ **CHAPTER 7 GUIDELINE RANGE\*:** (SRT and probation revocations)months     15-21    months

   \*Chapter 7 guidelines are not binding on the Court.

⇨ **STATUTORY MAXIMUMS:**

   • *SRT* cases – (see 18 U.S.C. § 3583(e)(3)) [Based on felony classification at sentencing, not violation grade]     \*36    months

                    \* Count Three is a Class B felony.

   • *Probation cases* – (see maximum statutory sentence applicable at time of sentencing from PSR)     N/A    months

Scott171



1801 Eddie Tullis Dr
Montgomery, Alabama 36117

# SPECIAL WIN TICKET

## $1260.30

One Thousand Two Hundred Sixty Dollars and Thirty Cents
Flashback by Cadillac Jack

2 Apr 2006 01:31:31      TICKET #6355
VALIDATION
096002003081492512

Expires 3-Apr-2006 1:31:31                    MACHINE #2205

Tel: (334) 273-9003





DRIVER LICENSE
## ALABAMA
NO.5560685   CLASS D
D.O.B. 08-27-1966   EXP 05-03-2006
ALETHIA ADRIANNE
SCOTT
11240 BROUGHTON RD
STOCKTON AL 36579-0000
ISS 04-03-2006
ENDORSEMENTS          RESTRICTIONS
SEX  WT  WT.  HAIR  RACE   ORGAN
F   5-07  232  BLK   B    DONOR



5 Mushrooms

Mailing address:
P.O. Box 762
Stockton, AL 36579

GOVERNMENT
EXHIBIT

CASE
NO.

EXHIBIT
NO.   3

Scott183

Tallapoosa Entertainment Center
1801 Eddie Tullis Road
Montgomery, AL 36117
(800) 958-9003

**W2-G Receipt/**
**Jackpot Winner Form**

Federal Identifying Number:  11-3655397

Date:                                    Time:

| Machine # | | | | | Coins Bet: | |
| Location # | | | | | Denomination: | |

Winning Symbols -

| Jackpot Receipt | | |

| Gross Jackpot/Full Numerical Amount | $ |
| Total Hand Payout Amount | $ |
| Check Number (If Applicable) | |
| | $ |
| Total Alpha Amount | |

**Winner's Information (Please Print)    For Taxable Winnings**

Name:

Address:                                    *mailing address:*
                                            *P.O. Box 462*

City, State & Zip

Identification type & #

| SSN: | | | — | | | — | | | |
| DOB: | M | M | — | D | D | — | Y | Y | Y | Y | |

Player's Card #

| Type of Wager | | Federal Income Tax Withheld |
| **EGD   BINGO** | | |

Under penalties of perjury, I declare that, to the best of my knowledge and belief, the name, address, and taxpayer identifying number that I have furnished correctly identify me as the recipient of the payment and any payments from identical wagers, and that no other person is entitled to any portion of these payments. This is important information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported by you.

Winner's Signature

Attendant:                                    Lic#

Supervisor:                                    Lic#

CSR:                                    Lic#

White: Operations Dept Records    Pink: Guest Copy    Canary: Compliance

**CORRECTED**   (if checked)

| PAYER'S name, street address, city, state, ZIP code | 1 Gross winnings | 2 Federal income tax withheld | OMB No. 1545-0238 |
|---|---|---|---|

PAYER'S name, street address, city, state, ZIP code
PCI GAMING DBA
TALLAPOOSA ENTERTAINMENT CENTER

1801 EDDIE L TULLIS RD

MONTGOMERY AL 36117

1 Gross winnings
1260.30

2 Federal income tax withheld

OMB No. 1545-0238

**2006**

3 Type of wager
Bingo

4 Date won
04  03  2006

5 Transaction

6 Race

**Form W-2G**

**Certain Gambling Winnings**

PAYER'S Federal identification number
11-3655397

Telephone number
(334)273-9003

7 Winnings from identical wagers

8 Cashier

This information is being furnished to the Internal Revenue Service.

WINNER'S Name, street address (including apt. no), city, state, and ZIP code

ALETHIA ADRIANNE SCOTT

P.O. BOX 462

STOCKTON AL 36579

9 Winner's taxpayer identification no.
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

10 Window

11 First I.D.
AL 5560685

12 Second I.D.

Copy B
Report this income on your Federal tax return. If this form shows Federal income tax withheld in box 2, attach this copy to your return.

13 State/Payer's state I.D. no.

14 State income tax withheld

Under penalties of perjury, I declare that, to the best of my knowledge and belief, the name, address, and taxpayer identification number that I have furnished correctly identify me as the recipient of this payment and any payments from identical wagers, and that no other person is entitled to any part of these payments.

Signature:

Date:                    1793

Form  W-2G

Department of the Treasury  - Internal Revenue Service

Scott185