IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06CR206-MHT |
| | ) | |
| ALETHIA ADRIANNE SCOTT | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 22, 2006. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

As explained below there is a serious risk the defendant will not appear.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes that the defendant was convicted in the United States District Court for the Southern District of Alabama in 2001 of fraud in connection with identification documents and wire fraud. After a short period of confinement she was placed on three years of supervised release which commenced in 2002. The period of supervision was extended in 2004 by two years after the defendant was charged in state court with 15 counts of writing bad checks – all charges to which she pled guilty. In May 2006 the defendant was charged with felony assault in Butler County, Alabama, a charge which remains pending. The fraud offense for which the defendant is charged in this court was committed during the period of supervision. In short, Scott has demonstrated that she is not amenable to supervision and will continue to commit crimes while under supervision.

In addition, there are other facts which further persuade the court that the defendant

should be detained: The defendant has no steady employment. She has failed to appear numerous occasions to answer traffic charges. She has a history of psychiatric problems. Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 22nd day of August, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE