## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CR. NO. 2:06CR206-MHT-CSC** |
| | ) | |
| **ALETHIA ADRIANNE SCOTT** | ) | |

### PLEA AGREEMENT

DEFENSE COUNSEL:                     KEVIN BUTLER

ASSISTANT U.S. ATTORNEY:        CHRISTOPHER A. SNYDER

### COUNT AND STATUTE CHARGED:

Count 1:            18 U.S.C. § 371 (Conspiracy)

Counts 2-5:       18 U.S.C. §§ 641 and 2 (Theft of Government Property)

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1:            18 U.S.C. § 371 (Conspiracy)

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1:            Sentence: a term of imprisonment of not more than five years, and a fine of
not more than $250,000, or both; a term of supervised release of not more
than three years; an assessment fee of $100; and an order of restitution.

### ELEMENTS OF THE OFFENSE

Count 1:

First:        That two or more persons, in some way or manner, came to a mutual
understanding to try to accomplish a common and unlawful plan.

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully
joined in it.

Third:       That one of the conspirators during the existence of the conspiracy knowingly
committed at least one overt act; and

Fourth:     That such "overt act" was knowingly committed at or about the time alleged

in an effort to carry out or accomplish some object of the conspiracy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney and Kevin Butler, attorney for the

defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have,

with the authorization of the undersigned defendant, heretofore entered into discussions with a view

towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea

Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the

Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the

defendant's plea of guilty and will proceed to trial.

### GOVERNMENT'S PROVISIONS

1.    For purposes of the calculation of defendant's offense level under the 2005 United

States Sentencing Guidelines, the government agrees that:

      a.    The base offense level is six. See U.S.S.G. § 2B1.1(a)(2).

      b.    Because the loss is more than $10,000, but not more than $30,000, a four level increase for loss is applicable. See U.S.S.G. § 2B1.1(b)(1)(C).

      c.    The two-level decrease for acceptance of responsibility is applicable. See U.S.S.G. § 3E1.1(a).

      d.    No other adjustments are applicable.

2.    The government agrees, with the defendant, that the amount of restitution shall be

$26,200.

3.    The government agrees, with the defendant, that the defendant may argue for a

sentence of probation if she is determined to be in sentencing Zone B or a split sentence if she is

-2-

determined to be in sentencing Zone C.  In consideration for this provision, the Government may argue for a full sentence of incarceration if the defendant is determined to be in Zone B or C. Additionally, the defendant may argue for a sentence at the low end of the applicable guideline range, while  the Government may argue for a sentence at the high end of the applicable guideline range.

4.    At sentencing, the Government will move to dismiss Counts 2, 3, 4, and 5 of the Indictment.

5.    Nothing in this agreement purports to be or is an agreement relating to the defendant's petition for revocation of supervised release case currently pending in the Southern District of Alabama.

6.    If the defendant completes the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 of one level to reflect the defendant's substantial assistance. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 is at the sole discretion of the United States. The failure of the Court to grant the motion or to sentence defendant as recommended by the government shall not provide defendant with a basis to withdraw his plea.

7.    The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1.    The defendant agrees to plead guilty to Count 1 of the Indictment.

-3-

2.     The defendant agrees with the calculation of the offense level, the amount of restitution, and the sentencing provisions as set forth in paragraphs 1, 2, 3, 4, and 5 of the government's provisions.

3.     The defendant understands that the government may or may not move for a downward departure pursuant to U.S.S.G. § 5K1.1 at its own discretion.

4.     Defendant agrees not to commit any other federal or state criminal offenses while awaiting sentencing.

## COOPERATION AGREEMENT

1.     The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

2.     The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

3.     If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its

-4-

commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (Title 18, United States Code, Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 as follows:

1.     At all times relevant to this Indictment, the Defendants, Alethia Adrianne Scott and Kevin Oneil Brown, resided in the Middle District of Alabama. At times relevant to this Indictment both shared an apartment in Greenville, Alabama.

2.     From on or about September 29, 2005 through on or about March 31, 2006,

Scott and Brown, agreed to create a scheme to receive and cash Hurricane Katrina disaster checks to which they were not entitled.

3.    In order to effect the object of the conspiracy, Scott did a number of overt acts, including:

(a)    filing the application for benefits with FEMA;

(b)    cashing the disaster assistance checks; and

(c)    sharing in the proceeds of the checks with Brown.

4.    In total Scott received and cashed checks for Hurricane Katrina disaster assistance totaling $26,200.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct or to pursue ineffective assistance of counsel or prosecutorial misconduct in a post conviction collateral proceeding. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the

Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1.    The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.    Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.    The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d.    The defendant understands that the defendant has a right to be represented

by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.    The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

-8-

h.     The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.     The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j.     The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.     The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.     The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law;

-9-

that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a

jury or by the Court, waives the right to confront and cross-examine witnesses against the

defendant and the right not to be compelled to incriminate the defendant; and that if the

defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has

been advised that if the defendant pleads guilty, the Court may ask questions about the offense to

which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the

answers to such questions may not be used against the defendant in a civil or criminal

proceeding, but that the defendant's answers may later be used against the defendant in a

prosecution for perjury or false statement if the answers are not truthful.

      3.      The defendant understands that the United States Probation Office will prepare a

presentence investigation report for the Court.  The Probation Officer will consider the

defendant's conduct related to the offense to which the plea is offered, as well as the defendant's

criminal history.  The offense level or criminal history category, as calculated by the Probation

Officer and determined by the Court, may differ from that projected by defendant's counsel or

the United States Attorney.

      This  19\_TH\_ day of October, 2006.

           Respectfully submitted,

           LEURA G. CANARY
           UNITED STATES ATTORNEY

           Christopher A. Snyder
           Assistant United States Attorney
           One Court Square
           Suite 201
           Montgomery, Alabama 36104



Andrew O. Schiff
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, <u>Kevin Butler</u>.

Alethia Adrianne Scott
Defendant

10/23/06
Date

Kevin Butler
Attorney for the Defendant

10/23/06
Date